UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KEITH JAMES KOERBER**, Petitioner, vs. **MICHAEL BOUCHARD**, Respondent. | 2:22-CV-10400-TGB  ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS, AND DENYING MOTION TO APPOINT COUNSEL |

Petitioner Keith James Koerber is a pretrial detainee incarcerated at the Oakland County Jail. According to the state court website, Koerber is facing charges of aggravated stalking, possession of under twenty-five grams of a controlled substance, commission of a felony with a firearm, and false report of a felony.[1]

---

[1] The Court obtained information regarding Petitioner's state court case through the Oakland Circuit Court website. *See* https://courtexplorer.oakgov.com/OaklandCounty/SearchCases/ViewAction?CaseNo=Wed12GVT58ZX6bUBQY3kZQ%3D%3D. The Court takes judicial notice of this reliable public record. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014).

Petitioner filed this application for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner's pro se pleading, which is difficult to read, appears to raise several claims. He claims he was denied reasonable bail, denied counsel at pretrial proceedings, denied the right to a speedy trial, denied the effective assistance of counsel, and that his prosecution is barred by double jeopardy because of its relation to a prior stalking conviction. ECF No. 1, PageID.6-8.

Petitioner seeks dismissal of the state court charges. Failing that, Petitioner requests a stay of state court proceedings for 180 days so that he can prepare for trial. *Id*. at PageID.8. For the reasons stated below, the Court will dismiss the petition without prejudice because Petitioner has not asserted facts indicating that extraordinary circumstances justify the Court's intervention in a pending state criminal proceeding.

## I. BACKGROUND

According to the state court docket entries, Petitioner was arraigned on his state court charges on June 11, 2020. A pretrial hearing was held on July 14, 2020, after which Petitioner's first attorney moved to withdraw. A new attorney was appointed on August 11, 2020. The

second attorney moved to withdraw, and a third attorney was appointed on August 25, 2020.

Petitioner then filed for release on bond on September 9, 2020. A hearing was held, and the motion was denied on October 6, 2020. Amended charges and a motion to introduce other acts evidence was filed on January 27, 2021. The case was adjourned several times for "investigation/discovery, COVID."

Petitioner then filed a motion to suppress statements and for an evidentiary hearing on March 15, 2021. These motions were resolved by order dated April 8, 2021.

After several additional pretrial conferences were adjourned, another pretrial motion to introduce other acts evidence was filed on August 4, 2021, and it was resolved by order dated September 8, 2021.

On October 18, 2021, Petitioner filed a second motion to be released on bond. That motion was denied by order dated November 4, 2021. That same date, the court set Petitioner's bond at 10 percent and $250,000. On December 1, 2021, a pretrial hearing was held in which trial was scheduled for May 17, 2022.

On December 23, 2021, Petitioner filed another motion for bond. It was denied by order dated January 6, 2022.

Petitioner's third attorney successfully moved to withdraw on February 11, 2022. Petitioner then filed a motion to dismiss the case on speedy trial grounds on February 23, 2021. As of this writing, the speedy trial motion remains pending.

Petitioner also filed a pending complaint for a writ of habeas corpus before the Michigan Court of Appeals on January 3, 2022, raising unknown claims. From March 11, 2022 through May 19, 2022, Petitioner has filed some 70-plus "supplemental" documents, ECF Nos. 9-81, and one motion to have counsel appointed, ECF No. 72.[2]

## II. DISCUSSION

After a petition for writ of habeas corpus is filed, the Court undertakes preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the

---

[2] Most of these supplemental documents appear to be copies of pleadings, or letters summarizing additional complaints about his state prosecution, or transcripts from his other cases, that are being filed in Petitioner's state case. It appears that Petitioner is seeking to keep this Court apprised of the progress of his state case. Because these supplemental documents do not alter the legal claims at issue in the Petition, they will not be addressed in detail.

petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

Under 28 U.S.C. § 2241(c)(3), federal courts have authority to grant habeas relief to a state pretrial detainee in custody in violation of the Constitution or laws or treaties of the United States. Nevertheless, the Supreme Court has strongly cautioned that a federal court should not interfere in pending state criminal proceedings absent the threat of an "irreparable injury" that is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971).

The Sixth Circuit likewise has instructed federal habeas courts to exercise restraint before interfering in pending state criminal proceedings:

> [A]lthough § 2241 establishes jurisdiction in the Federal Courts to consider pretrial habeas corpus petitions, the Courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the Petitioner. Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by

5

> our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances.

*Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (internal citations omitted).

In light of these precedents, "federal courts routinely reject petitions for pretrial habeas relief, with two important exceptions." *Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1043 (S.D. Ohio 2011) (citation omitted). The first exception is a viable claim that a state prosecution will violate the Double Jeopardy Clause. *See Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981). The immediate and irreparable harm in such a case is compelling where the defendant is made to stand trial a second time for the same offense – the very action the Double Jeopardy Clause is meant to prohibit. The second exception involves speedy trial claims seeking a speedier trial as opposed to dismissal of charges. *See Atkins*, 644 F.2d at 546 n.1.

With respect to Petitioner's double-jeopardy claim, Petitioner asserts that he is being subjected to a successive prosecution for the same offense because his prior stalking conviction is being used to establish that the current offense constitutes aggravated stalking. *See* ECF No. 1,

6

PageID.7. However, one of the elements of aggravated stalking under Michigan law—specifically one of several ways the offense is elevated from simple stalking to aggravated stalking—is established by showing the existence of a prior conviction of stalking. *See* Mich. Comp. Law § 750.411i(2)(d). This indicates that the Michigan Legislature clearly intended that proof of a prior stalking conviction would need to be offered to show part of the factual predicate for a subsequent aggravated stalking offense. *See People v. White*, 212 Mich. App. 298, 308 (1995). And where the legislature intends for an enhanced punishment to be meted out due to the existence of a prior offense, no double jeopardy violation occurs. *See Monge v. California*, 524 U.S. 721, 728 (1998); *Carpenter v. Chapleau*, 72 F.3d 1269, 1272 (6th Cir. 1996). Accordingly, Petitioner's double jeopardy claim is meritless and does not provide an extraordinary basis for the Court to intervene in the state court proceeding.[3]

As for Petitioner's speedy trial claim, federal courts distinguish between claims seeking dismissal of a state court case on speedy trial

---

[3] If Petitioner is claiming that the admission of other-acts evidence related to the prior offense violates double jeopardy, the claim is also completely without merit. *See United States v. Felix*, 503 U.S. 378, 386 (1992)("[T]he introduction of relevant evidence of particular misconduct in a case is not the same thing as prosecution for that conduct.").

grounds versus claims seeking a prompt trial. *See Atkins*, 644 F.2d at 546. A claim seeking dismissal does not assert exceptional circumstances warranting federal intervention because dismissal of a criminal case "'could not be more disruptive of pending state actions.'" *Smith v. Burt*, 2019 WL 5608064, at *2 (6th Cir. Oct. 28, 2019) (quoting *Atkins*, 644 F.2d at 546).

Here, Petitioner is not seeking an order requiring that he be given a prompt trial in state court. To the contrary, he seeks dismissal of the charges, and barring that, he requests the opposite of a prompt trial—he requests a stay of state court proceedings for 180 days to prepare for trial. Accordingly, Petitioner's speedy trial claim does not present the sort of extraordinary circumstance justifying federal intrusion in the state process.

Finally, even assuming extraordinary circumstances existed, Petitioner would still be required to exhaust available state remedies. *See* 28 U.S.C. § 2254(b); *Atkins*, 644 F.2d at 546. A challenge to pretrial detention in Michigan is governed by Mich. Comp. Laws § 765.1 *et seq*. Under those provisions and the Michigan Court Rules, it appears that state-court remedies are still available to Petitioner. Michigan Court

8

Rule 6.106(H) provides for modification of pretrial custody orders, and the rules contemplate circumstances that warrant emergency release. Additionally, the rule provides for an appeal of the custody decision by motion. Mich. Ct. R. 6.106(H)(1).

Although Petitioner does not state whether the current federal habeas claims are pending before the Michigan Court of Appeals, he has failed to allege that he completed the state review process before filing the present petition, so any claims presented in the state court proceeding have not yet been exhausted.

Accordingly, Petitioner fails to allege facts indicating that any of the exceptions to the abstention doctrine apply here, and that extraordinary circumstances warrant the Court's intervention in his state criminal case. Moreover, Petitioner neither alleges nor establishes that he had exhausted available state court remedies before seeking federal habeas relief. This habeas action is therefore premature and must be dismissed.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a). Reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor

9

conclude that the issues deserve encouragement to proceed further. The Court therefore denies a certificate of appealability.

Finally, because an appeal could not be taken in good faith, the Court denies leave to proceed in forma pauperis on appeal should Petitioner decide to appeal this decision. 28 U.S.C. § 1915(a)(3).

## CONCLUSION

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that the motion for appointment of counsel, ECF No. 72, is **DENIED** as moot.

**IT IS FURTHER ORDERED** a certificate of appealability and permission to appeal in forma pauperis are **DENIED**.

**IT IS SO ORDERED.**

Dated: June 2, 2022      s/Terrence G. Berg
                                       TERRENCE G. BERG
                                       UNITED STATES DISTRICT JUDGE